# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DANIEL M. SPOSITI,

    Plaintiff,

v.

DR. HELEN REYCHECK et al.,

    Defendants.

Civ. No. 16-2448 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Daniel M. Spositi, was detained at the Atlantic County Jail, in Mays Landing, New Jersey, when he commenced this action. He is proceeding pro se with a civil rights complaint filed under 42 U.S.C. § 1983. This Court previously granted Mr. Spositi leave to proceed *in forma pauperis*. (ECF No. 7.)

The Court must now review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the § 1983 claim will be dismissed as against defendant CFG Health Systems LLC, but the remainder of the complaint will be permitted to proceed.

## II. BACKGROUND

The allegations of the complaint will be construed as true for the purposes of this opinion. The complaint names as defendants CFG Health Systems LLC ("CFG"), the healthcare services provider for the Atlantic County Jail, as well as two doctors allegedly employed by CFG, Dr. Helen Reycheck and Dr. Bagchai. (Compl., ECF No. 1.)

Mr. Spositi explains that he is a veteran of Operation Iraqi Freedom, Operation Enduring Freedom, and Operation New Dawn and, consequently, that he suffers from post-traumatic stress disorder ("PTSD"), major depressive disorder, and survivor guilt. (*Id.* at 6.) To treat these conditions, Mr. Spositi had been prescribed Zoloft and, to aid in sleeping, trazodone. (*Id.*) Mr. Spositi alleges that he explained these circumstances to Dr. Reycheck on February 29, 2016, but that she told him he would "have to see her boss" sometime after March 4, 2016 (apparently for approval of his prescriptions). (*Id.*) Mr. Spositi asserts that Dr. Reycheck told him that if he wanted better treatment he should stay out of jail. (*Id.*)

Mr. Spositi further alleges that he explained the same circumstances to Dr. Bagchai on approximately March 12, 2016. (*Id.*) He contends that Dr. Bagchai prescribed Mirtazapine in place of both the Zoloft and the trazodone, despite Mr. Spositi informing him that a prior prescription of Mirtazapine had been discontinued as ineffective and negatively impacting Mr. Spositi's blood pressure.[1] (*Id.* at 6–7.) Although Dr. Bagchai allegedly told Mr. Spositi that they would follow up in a month, Mr. Spositi alleges that, at the time he prepared the complaint, six weeks had passed without another meeting. (*Id.*)

Mr. Spositi alleges that he thus lacked any treatment for his condition for thirty days, and that the change in prescriptions left him "to suffer flashbacks and face severe survival guilt, depression and extreme anxiety." (*Id.* at 4.) He seeks compensatory damages for these injuries. (*Id.* at 5.)

### III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints when the plaintiff

---

[1] Mr. Spositi additionally reports that he signed paperwork authorizing CFG to access his health records from the Department of Veterans Affairs. (ECF No. 1 at 7.)

is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 and also for medical malpractice under New Jersey law.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

As a preliminary matter, while defendants herein are a private company and two alleged employees of that company, Mr. Spositi alleges that CFG "is the outside provider for the jails healthcare services." (ECF No. 1 at 7.) The Court finds this allegation sufficient to plead that defendants were acting under color of state law. *See West*, 487 U.S. at 54–57 (finding physician contracted to provide medical services to inmates acted under color of state law); *see also Parker v. Gateway Nu-Way Found.*, Civ. A. No. 10-2070 (JBS), 2010 WL 4366144, at *8 (D.N.J. Oct. 26, 2010); *Jama v. INS*, 343 F. Supp. 2d 338, 372 n.23 (D.N.J. 2004).

An incarcerated plaintiff may state a § 1983 claim for violation of the Eighth Amendment or the Fourteenth Amendment where institutional staff have provided inadequate medical care.[2] *Helling v. McKinney*, 509 U.S. 25, 32–33 (1993); *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). A plaintiff asserting a § 1983 claim for inadequate medical care must show the existence of a serious medical need and that facility staff demonstrated deliberate indifference to that medical need. *Pearson*, 850 F.3d at 534; *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016); *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009); *Natale*, 318 F.3d at 582. A mere "inadvertent failure to provide adequate medical care"—i.e., negligent diagnosis or treatment—will not create a constitutional claim. *Estelle*, 429 U.S. at 105–06.

The Court of Appeals for the Third Circuit has stated that "a medical need is 'serious' for purposes of a denial of medical care claim if it is either 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mattern*, 657 F. App'x at 139 (quoting *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Accordingly, Mr. Spositi's apparent diagnoses of PTSD, major depressive disorder, and survivor guilt, and the

---

[2] It is not clear from the complaint whether, during the times complained of, Mr. Spositi was in pretrial custody or serving some sort of criminal sentence. (*See* ECF No. 1.) Were he serving a sentence following conviction, a claim of inadequate medical care would implicate the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). The Cruel and Unusual Punishment Clause does not apply, however, to persons who are not subject to a criminal sentence. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–45 (1983). Instead, such persons may assert inadequate-care claims under the substantive Due Process Clause of the Fourteenth Amendment. *See Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). As the elements of such a claim are the same regardless of the constitutional basis, the Court sees no need to resolve the ambiguity at this time. *See Natale*, 318 F.3d at 582.

resulting prescribed treatments, suffice to plead a serious medical need. *See Goodrich v. Clinton Cty. Prison*, 214 F. App'x 105, 110–11 (3d Cir. 2007) (confirming diagnosed mental illness may be serious medical need); *Kimbugwe v. United States*, Civ. A. No. 12-7940 (FLW), 2014 WL 6667959, at *5 (D.N.J. Nov. 24, 2014) (finding PTSD a serious medical need).

Mr. Spositi's allegations are also adequate, at this early stage of the case, to plead deliberate indifference to his medical needs by Dr. Reycheck and Dr. Bagchai. Mr. Spositi asserts that his conditions were left untreated for thirty days and that, when he complained about this, Dr. Reycheck told him that he should have stayed out of jail. (ECF No. 1 at 4, 6.) While Dr. Bagchai apparently provided a prescription for the conditions, it was for one medication, instead of the two Mr. Spositi had previously been prescribed, and was for a medication that Mr. Spositi allegedly told Dr. Bagchai had already proven ineffective. Although prison staff "are afforded considerable latitude in the diagnosis and treatment of prisoners," they may not, "with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment' of the inmate's condition." *Palakovic v. Wetzel*, 854 F.3d 209, 227–28 (3d Cir. 2017) (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)). Accordingly, Mr. Spositi's § 1983 claims against Dr. Reycheck and Dr. Bagchai will be allowed to proceed.

The complaint additionally seems to state a claim against the individual defendants for medical malpractice. Under New Jersey law, a plaintiff asserting medical malpractice must show a standard of care, that a defendant's deviation from that standard caused an injury, and resulting damages. *Komlodi v. Picciano*, 217 N.J. 387, 409 (2014); *see also Natale*, 318 F.3d at 579 & n.3. Typically establishing a standard of care and a deviation from that standard requires expert testimony, but they may also be established without an expert if "'the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience.'"

6

*Estate of Chin v. St. Barnabas Med. Ctr.*, 160 N.J. 454, 469 (1999); *see also Natale*, 318 F.3d at 579. Reading Mr. Spositi's pro se complaint liberally, as the Court must, *see Haines,* 404 U.S. at 520, it adequately alleges that Dr. Reycheck and Dr. Bagchai breached the relevant standard of care by delaying and then altering treatment for Mr. Spositi's conditions, causing him harm. Accordingly, the medical-malpractice claim will be permitted to move forward as against those defendants.[3]

Aside from his allegations concerning Dr. Reycheck and Dr. Bagchai, Mr. Spositi's allegations against CFG are minimal. Nevertheless, as CFG allegedly employed the individual defendants, it may bear vicarious liability for any medical malpractice under the doctrine of respondeat superior. *See Carter v. Reynolds*, 175 N.J. 402, 408 (2003) ("Under *respondeat superior*, an employer can be found liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment."); *see also Miller v. Lagana*, Civ. A. No. 15-2510 (SRC), 2016 WL 1060417, at *4 (D.N.J. Mar. 17, 2016).

An employer or supervisor may not, however, bear vicarious liability for violations of § 1983; instead, such liability typically requires some affirmative conduct by the supervisor. *Iqbal*, 556 U.S. at 675–76; *Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 163 (3d Cir. 2017); *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990). This doctrine also applies to state contractors like CFG: "To state a [§ 1983] claim against a private corporation providing medical services under contract with a state

---

[3] This Court would typically lack subject-matter jurisdiction to hear medical-malpractice claims against non-diverse defendants. But, as it has federal-question jurisdiction over Mr. Spositi's § 1983 claims, under 28 U.S.C. § 1331, and as the medical-malpractice claims arise from the same facts, it may exercise supplemental jurisdiction over his claims under state law. *See* 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552–65 (2005).

prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue." *Palakovic*, 854 F.3d at 232; *see also Natale*, 318 F.3d at 583–84.

Mr. Spositi merely alleges that he signed paperwork authorizing CFG to receive his medical records and that he "believe[s] they were all very negligent and unprofessional in the handling of my very well documented and serious psychological disorders." (ECF No. 1 at 7.) These allegations are insufficient to plead a policy or custom, or any other distinct act or omission, that resulted in Mr. Spositi's alleged harm. Accordingly, while the medical-malpractice claim will be permitted to continue as against CFG, the § 1983 claim against it will be dismissed.

## V. CONCLUSION

For the foregoing reasons, the § 1983 claim as against defendant CFG Health Systems LLC will be dismissed without prejudice, but the remaining claims will be permitted to proceed.


DATED: December 18, 2017
        s/Robert B. Kugler
        ROBERT B. KUGLER
        United States District Judge